## JAMES H. MONROE, PLAINTIFF, v. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, DEFENDANTS.

*New York fire department — power of the commissioners to alter the duties and salary of an employe — what acts show his acquiescence in the change — the city is relieved from liability if it pays the actual incumbent — 1873, chap. 335, sec. 28.*

May 20, 1873, the plaintiff was appointed chief of battalion of the fire department of New York, and performed the duties of and received the salary attached to that office until February 15, 1875, when he was reduced to the rank of foreman, another member of the department being appointed chief in his place. The plaintiff performed the duties of a foreman, received the

salary attached to that office and gave receipts in full therefor to the comptroller. In an action to recover the difference between the salary of chief of battalion and that of foreman:

*Held,* that section 28 of chapter 335 of 1873, providing that the number and duties of the subordinates in every department, with their respective salaries, should be such as the heads of the respective departments should designate and approve, was broad enough to authorize the commissioners to fix and alter the duties and salary of the plaintiff, provided it was done in good faith and not for the purpose of evading any statutory restriction upon the removal of members of the department.

That even if this were not so, yet the acts of the plaintiff in accepting the inferior position and discharging its duties and receiving the salary, were equivalent to a resignation of the one place and the acceptance of the other.

That in any event the city was not liable to the plaintiff as it had already paid the salary to another incumbent who had actually performed the duties of the office.

MOTION for judgment upon a verdict for the defendant, directed by the court at circuit, subject to the opinion of the General Term.

*D. A. Levien, Jr.,* for the plaintiff.

*D. J. Dean,* for the defendants.

DAVIS, P. J.:

The plaintiff in this action being a member of the uniformed force of the fire department, was on the 20th of May, 1873, promoted to the post of chief of battalion, and so long as he performed the duties of that office he was paid the salary fixed by the board of fire commissioners. On the 15th of February, 1875, by order of the board, the plaintiff was reduced to the rank of foreman and assigned to take command of Hook and Ladder Company No. 9; and his position of chief of battalion was assigned to chief of battalion Rowe of the third battalion. Rowe's position being filled by chief of battalion King, and King's by the promotion of another foreman. At the time fixed in the order of the board, the plaintiff entered upon his duties as foreman of the hook and ladder company mentioned, the salary of which was fixed at $1,500 a year, and he continued afterwards to perform the duties of foreman during the whole period for which he brings this action, except on a few occasions on which he was assigned by express direction for periods of a few days each to take charge of and perform in another part

of the city temporarily, the duties of a chief of battalion. He brings this suit to recover the difference between $1,500 a year, the salary for foreman, and $2,500 a year, the salary of chief of battalion, for the period during which he performed the duties of foreman. Payments to him had been made monthly during this period, and he had signed monthly receipts for his compensation as foreman, for his services in full.

The plaintiff was not removed from his position as a member of the fire department. He was simply transferred from one post to another. The first question that arises is as to the power of the department to make such transfer.

By section 28 of the charter of 1873 (chap. 335) it is provided, that the number and duties of the subordinates in every department, with their respective salaries, shall be such as the heads of the respective departments shall designate and approve.

This section is broad enough to confer power upon the commissioners to fix and alter at pleasure the salary of any employe of the department, and we see no reason why this cannot be lawfully done, provided it be done in good faith and not for the purpose of evading any statutory restriction upon the removal of members of the department. The plaintiff, when designated to discharge the duties of chief of battalion was entitled to the compensation or salary of that position so long as he performed those duties under this designation, but when designated to perform the duties of foreman of a single company, he was entitled, if he accepted that position, to the compensation of that position only. The action of the board in making these designations was not in our judgment a removal within the meaning of the provision which required such removal to be upon charges, notice and opportunity to be heard. Upon this ground alone we should be of opinion that the plaintiff could not recover.

But, assuming that he could not be removed from the position of chief of battalion, except upon charges, notice and hearing, still his acceptance of the inferior position and his performance of its duties, without any objection or claim to be entitled to perform the duties and receive the pay of chief of battalion, must be deemed an acquiescence in the change equivalent to a resignation of the one place and an acceptance of the other. The duties of the office of

PEOPLE ex rel. AM. INS. CO. v. COMRS. OF TAXES. 261

First Department, November Term, 1882.

foreman were incompatible with those assigned to a chief of battalion. The plaintiff could not and did not perform both, and there is no legal or moral right on his part, while performing the duties of foreman, to claim compensation for other duties which he did not perform. His action is equivalent to an express assent to the change made by the board, both in his position and in his compensation, and, in the absence of protest or dissent, or of any claim, there is no ground left in our judgment to uphold a suit for the salary of an office which he did not hold and the duties of which he did not perform while receiving pay for several years for inferior and less arduous duties.

Besides, the case shows that the position of chief of battalion which he held was held by another incumbent, who performed its duties and received its salary doubtless with the knowledge of the plaintiff. That fact is a sufficient answer to his claim. (*Mc Veany* v. *Mayor*, 80 N. Y., 185; *Dolan* v. *Mayor*, 68 id., 274.) The city was not bound to pay two salaries for one office, and it had the right to pay the actual incumbent who performed its duties, without being subject to another person, who neither performed the duties nor asserted any claim to the compensation for several years.

Judgment should be ordered on verdict, with costs.

Brady and Daniels, JJ., concurred.

Judgment ordered on verdict, with costs.